## BAKER *v.* NANNY.

Opinion delivered October 25, 1909.

MALICIOUS MISCHIEF—DAMAGES TO OWNER—PAYMENT.—Under Kirby's Digest, § § 1892-3, providing that if any person snall maliciously kill, maim or wound another's animal, the jury "shall assess the amount of damages, if any actual damage has occurred, * * * and the court shall render judgment in favor of the party for three-fold the amount so assessed by the jury," the judgment in favor of the owner of an animal so killed or wounded is intended as compensation to such owner, and is not payable into the county treasury nor in county warrants.

Appeal from Marion Circuit Court; *Brice B. Hudgins,* Judge; affirmed.

*W. S. Chastain,* for appellant.

1. Mandamus was the proper remedy. 31 Ark. 263; Kirby's Dig., § § 1174, 7184; 48 Ark. 238.

2. The "mulct" or penalty is part of the fine, and payable in county warrants. 54 Ark. 364; 31 Ark. 46; Kirby's Dig., § 1174; 18 Ark. 238.

3. It was error to impose a jail sentence. Kirby's Dig., § 248.

*S. W. Woods,* for appellee.

1. The prosecution is under sections 1892-3, Kirby's Dig., and the damages are part of the punishment for the crime. 19 Ark. 176. The conclusions of the court in 54 Ark. 364 as to the law were correct, but the expressions of the learned judges were inaccurate.

2. County warrants are not receivable. Neither the county nor State has any interest in the damages. 32 Ark. 202; 61 Ark. 21.

BATTLE, J. E. C. Baker was convicted in the Marion Circuit Court of malicious mischief, committed by killing one mule and wounding another, the property of J. F. Dudley, and was fined $50, and judgment was rendered for that amount and costs of prosecution in favor of the State of Arkansas, and in the same prosecution upon the same conviction, the damages of Dudley was assessed and judgment was rendered against the defendant in favor of Dudley for $180 damages to the mules. Execution was issued upon the judgment in favor of Dudley and placed in the hands of John Nanny, the sheriff. The defendant

tendered him (sheriff) the warrants of the county of Marion in payment of the amount due for damages, and he refused to accept them. He (Baker) thereupon applied to the Marion Circuit Court for a writ of mandamus to compel the sheriff to accept, and the court refused to grant it, and he appealed.

The judgment rendered against Baker for damages in the prosecution for malicious mischief was based upon the following statutes, which, so far as applicable, are as follows: "If any person shall wilfully, maliciously or wantonly, by any means whatsoever, kill, maim or wound any animal of another with or without malice toward the owner of the animal, which it is made larceny to steal, he shall, on conviction, be punished by a fine of not less than twenty nor more than one hundred dollars, or by imprisonment in the county jail for a period of not less than ten nor more than sixty days, or by a period of not less than ten nor more than sixty days, or by both such fine and imprisonment, and shall, moreover, be liable to damages to the owner of the animal so killed, maimed or wounded, as in the preceding section provided," which is as follows: "and the jury who shall try such case shall assess the amount of damages if any actual damages has occurred, * * * * and the court shall render judgment in favor of the party for threefold the amount so assessed by the jury." Kirby's Digest, § § 1892, 1893.

Under these statutes the judgment for the damages to the animal killed or wounded is rendered in favor of the owner. It is for compensation to the owner as well as punishment to the accused. The judgment is not due and payable to the county, and is not to be paid as a fine into the county treasury for the benefit of the county; the statute upon that subject providing: "All fines, penalties and forfeitures imposed by any court or board of officers whatsoever, except those imposed by mayor's or police courts in any city or town, shall be paid into the county treasury for county purposes." Hence, as the judgment in favor of the owner is not payable into the county treasury, and is not a debt due the county, and is intended as compensation for damages suffered by the owner, it is not payable in county warrants. We cannot see upon what principle it should be so payable, there being no statute requiring it.

Judgment affirmed.